Appeal from Municipal Court of New York.

Action by Charles D. Cords against Edward Ruth. From a judgment in favor of the plaintiff, defendant appeals. Reversed and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

Ira Wheeler, for appellant.

WOODWARD, J. The plaintiff alleges an employment by the defendant for the purpose of effecting a sale of certain real estate for the sum of $8,500, and demands judgment for $212.50, being 2½ per cent. upon the purchase price. It was established upon the trial that the plaintiff went to the defendant and procured a written authority to sell the real estate in question for $8,500; the defendant agreeing to pay the commission of 2½ per cent. upon any price which he agreed to accept for the property. The written agreement provided that the authority should continue until the defendant revoked the same in writing. Prior to this authority, which bears date of November 25, 1905, the defendant had been in negotiation with one Johnson in reference to a sale of this same property; Johnson representing third parties. Soon after procuring the authority the plaintiff entered into a negotiation with the said Johnson, resulting in Johnson making an offer of $8,000 for the premises, and it is conceded that this offer was rejected by the defendant. Subsequently, and on or before the 12th day of December, the defendant withdrew the authority in writing under the terms of the agreement, and at a later date entered into negotiations with the said Johnson which resulted in a sale of the property to the latter for $8,500 as alleged in the complaint. There is no allegation of fraud or bad faith on the part of the defendant. All that he did was to withdraw the authority, as he had a clear right to do, and he then entered into negotiations with a man whom he had known and negotiated with before the plaintiff came into the transaction, and this negotiation resulted in a sale. The plaintiff never procured a purchaser ready, willing, and able to purchase the premises upon the terms fixed by the defendant, and under all of the authorities he is not entitled to recover in this action.

The judgment appealed from should be reversed, and new trial ordered, costs to abide the event. All concur.

---

(115 App. Div. 616)

## In re WHEELER'S ESTATE.

(Supreme Court, Appellate Division, Second Department. November 16, 1906.)

1. TAXATION—LEGACIES—PROPERTY OF LEGATEES.

Where land, the proceeds of which were bequeathed, was bought with money which testatrix held as executrix of J., by whose will she was given the life use thereof, with remainder to testatrix's legatees, they are entitled to claim it under the will of J., who was their father, and so escape the tax as legatees of testatrix.

2. SAME—MUTUALLY ACKNOWLEDGED RELATION OF CHILDREN.

The father of legatees, who stood in the mutually acknowledged relation of children to testatrix, having been alive when such relationship began,

they cannot claim their legacy free of tax; Laws 1905, p. 819, c. 368, §'221, providing as a condition thereof that the parents of the child shall be deceased when such relationship began.

[Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Taxation, §§ 1690–1692.]

Appeal from Surrogate's Court, Westchester County.

In the matter of the appraisal of the estate of Elizabeth W. Wheeler, deceased, under the acts relative to the taxable transfers of property. From an order William C. Wilson, acting Comptroller of the State, appeals. Modified and affirmed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

Frank M. Buck, for appellant.

Frank L. Young, for respondents.

MILLER, J. The State Comptroller appeals from a final order of the surrogate of Westchester county in a transfer tax proceeding. The deceased left a will in which she gave a specific legacy valued at $60 to Lucretia W. Corey, certain specified articles of personal property to Adaline D. Wheeler, and divided her residuary estate equally between said Adaline and Edgar F. Wheeler. The shares of Adaline and Edgar in the personal property are appraised at $638.81 and $510.32, respectively. The real property consisted of an equity of redemption appraised at $1,500. The testatrix used in the purchase of this property $1,665.36 which she held as executrix of James L. Wheeler, deceased, by whose will she was given the life use of the property, with the remainder over to said Edgar and Adaline, who now assert that they take this property under the will of the said James L. Wheeler, and not under the will of the decedent, whose estate is the subject of this proceeding.

We think the learned surrogate correctly held that this property was not subject to the transfer tax. The fact that the testatrix invested money belonging to the said Edgar and Adaline in real property, and without their knowledge took title in her own name, did not make the property hers. They are entitled to follow the money and to insist that she held the property with which it was purchased under a resulting trust (Ferris v. Van Vechten, 73 N. Y. 113), and they have a right now to insist, as they do, that they will claim under the will of their father, and not under the will of the decedent.

The legatees named were step-children of the decedent, to whom they stood in the mutually acknowledged relation of children. The right to tax their legacies depends upon the construction of section 221, c. 368, p. 819, Laws 1905, which is as follows:

"When property real or personal or any beneficial interest therein, of the value of less than ten thousand dollars, passes by any such transfer to or for the use of any father, mother, husband, wife, child, brother, sister, wife or widow of a son or the husband of a daughter, or any child or children adopted as such in conformity with the laws of this state, of the decedent, grantor, donor or vendor, or to any child to whom any such decedent, grantor, donor or vendor for not less than ten years prior to such transfer stood in the mutually acknowledged relation of a parent, provided, however, such relationship began at or before the child's fifteenth birthday and was continuous for said ten

yeàrs thereafter, *and provided also that the parents of such child shall be deceased when such relationship commenced,* or to any lineal descendant of such decedent, grantor, donor or vendor born in lawful wedlock, such transfer of property shall not be taxable under this act. * * * " (The italics are mine.)

No question is raised but that the share of Adaline in the personal property should be taxed, as it is conceded that she was over 15 when the relationship began. The shares of Lucretia and Edgar were not taxed, although it is conceded that their parents were not deceased when said relationship commenced; such relationship having begun upon the marriage of their father to the testatrix. And in this respect we think the learned surrogate erred, because, by the clause of the statute which I have italicized, they are expressly excluded from the class whose shares are exempted. The right of the Legislature to impose a tax upon the transfer of decedents' property, whomsoever the transferee may be, is undoubted, and a person claiming to be excepted from the general provisions of the statute must bring himself within the terms of the exception. The statute was amended in 1905 by the addition of the clause italicized, which is too plain to admit of construction. By it the Legislature has plainly limited the exempt class of persons to whom the decedent stood in the mutually acknowledged relation of parent, not only to those whose relationship began at or before their fifteenth birthday and continued for ten years thereafter, but also to those whose parents were deceased at the time the relationship commenced. I am unable to discover any satisfactory reason for such limitation. If it is desirable, as it plainly is, to treat as natural children those who stand in the mutually acknowledged relation of children to the deceased, it would seem that all who stand in such relation should be so treated, and the only conditions that ought to be imposed are such as will prevent imposition and fraud. I apprehend that there are few cases in which legatees have stronger claims to be treated as children than those in the case at bar, and yet they are excluded from such class by said amendment. But, however much we may feel like condemning it, the Legislature clearly had the power to impose the condition, and we are compelled to give it effect.

The order appealed from should be modified by inserting a provision imposing a tax of 5 per cent. on the personal property bequeathed to Lucretia W. Corey and Edgar F. Wheeler, and, as modified, affirmed, without costs of this appeal to either party. All concur.